WD/WA: 3:23-mj-05171

FILED _____ LODGED
_____ RECEIVED
May 04, 2023
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 11 2023

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Christopher J. Bridger
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHAWN EUGENE MONDAY,

    Defendants.

1:23-CR- 2019-SAB

INDICTMENT

Vio: 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); 851
Possession with Intent to Distribute 40 Grams or More of Fentanyl

21 U.S.C. § 853
Forfeiture Allegations

The Grand Jury charges:

On or about August 8, 2022, in the Eastern District of Washington, the Defendant, SHAWN EUGENE MONDAY, did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (a/k/a fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi).

INDICTMENT – 1

## SERIOUS DRUG FELONY

Before SHAWN EUGENE MONDAY committed the offense as charged herein, SHAWN EUGENE MONDAY had a final conviction for a serious drug felony, as defined in 21 U.S.C. § 802(57), to wit: Delivery of Methamphetamine, in violation of Revised Code of Washington 69.50.401(2)(b) and 69.50.401(1), in the Superior Court of Washington for Grays Harbor County, Case Number: 15-1-14-7, and having served a term of imprisonment beginning on or about February 22, 2016, and continuing until on or about June 13, 2018.

## NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); 851, as set forth in this Indictment, Defendant, SHAWN EUGENE MONDAY, shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense.

If any of the property described above, as a result of any act or omission of the Defendant:

INDICTMENT – 2

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

DATED this 11 day of April, 2023.

A TRUE BILL

Foreperson

*Vanessa Waldref*
Vanessa R. Waldref
United States Attorney

*Frances G. Walker for*
Christopher J. Bridger
Assistant United States Attorney

INDICTMENT – 3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 11, 2023

SEAN F. MCAVOY, CLERK

# CHARGES AND PENALTIES

CASE NAME: Shawn Eugene Monday            CASE NO. 1:23-CR- 2019-SAB

TOTAL # OF COUNTS: 1    ☑ FELONY    ☐ MISDEMEANOR    ☐ PETTY OFFENSE

| Count | Statute | Description of Offense | Penalty |
|---|---|---|---|
| 1 | 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); 851 | Possession with Intent to Distribute 40 Grams or More of Fentanyl (SERIOUS DRUG FELONY ALLEGED) | Confinement: 5 years to 40 years; Supervised Release: 4 years to 40 years; Fine: up to $5,000,000; Special Assessment: $100; and denial of certain federal benefits pursuant to 21 U.S.C. §§ 862 and 862a<br><br>If found to have one qualifying serious drug felony offense:<br><br>CAG not less than 10 years up to a life term; and/or a fine not to exceed $8,000,000; not less than 8 years up to a life term of supervised release; a $100 special penalty assessment; and denial of certain federal benefits pursuant to 21 U.S.C. §§ 862 and 862a. |
| | 21 U.S.C. § 853 | Forefeiture Allegations | |